UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY BETH GARCEAU, | : |
| | : |
| Plaintiff | : |
| | : Civil No. 3:06CV01905 (PCD) |
| v. | : |
| | : |
| YALE UNIVERSITY, | : |
| | : May 3, 2007 |
| Defendant | : |

**REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed: November 22, 2006

Date Complaint Served: November 30, 2006

Date of Defendant's Appearance: December 21, 2006

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civil R. 16, a conference was held on April 25, 2007. The participants were:

Karen Lee Torre for the plaintiff Mary Beth Garceau.

Patrick Noonan for the defendant Yale University.

**I.     CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy

of this report to their clients.

## II. JURISDICTION

  A. Subject matter Jurisdiction

Jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1443.

  B. Personal Jurisdiction

Personal jurisdiction is uncontested.

## III. BRIEF DESCRIPTION OF CASE

  A. Claims of Plaintiff(s):

The plaintiff asserts that while she was employed by defendant, her supervisor, Dr. Joseph Schlessinger, subjected her to a sexual, offensive and harassing work environment. Despite plaintiff's repeated complaints to defendant, the defendant refused to address seriously plaintiff's concerns, embarking instead on unwarranted accusations and investigations of the plaintiff. As a result of defendant's unlawful actions, plaintiff was forced to resign her position with defendant.

  B. Defenses and claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant(s):

    Defendant denies plaintiff's allegations.

    C.    Defenses and Claims of Third Party Defendants:

    N/A

## IV.    STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1) Plaintiff Mary Beth Garceau was employed by Yale University as an Administrative Assistant I in the Department of Pharmacology starting in July, 2001.

2) While employed at Yale, Garceau was supervised by Dr. Joseph Schlessinger, who was chair of the Department of Pharmacology.

## V.    CASE MANAGEMENT PLAN

    **A.**    **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases [as follows]:

    1.    Discovery period to be completed by December 15, 2007.

    **B.**    **Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a

scheduling order pursuant to Fed. R. Civ. P. 16(b).

    **C.**    **Early Settlement Conference**

        1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Counsel will notify the court if a settlement conference may be helpful.

        2.    The parties prefer a settlement conference with a Magistrate Judge or a parajudicial officer.

        3.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    **D.**    **Joinder of Parties and Amendment of Pleadings**

        1.    Plaintiff(s) should be allowed until June 1, 2007 to file motions to join additional parties and until July 1, 2007 to file motions to amend the pleadings.

        2.    Defendant(s) should be allowed until July 1, 2007 to file motions to join additional parties.

    **E.**    **Discovery**

        1.    The parties anticipate that discovery will be needed on the following subjects:

        a.    Liability;

    b. Damages.

  2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by the date this Court approves this report and completed by December 15, 2007.

  3. Discovery will not be conducted in phases.

  4. The parties anticipate that the plaintiff(s) will require a total of five depositions of fact witnesses and that the defendant(s) will require a total of five depositions of fact witnesses. The depositions will commence immediately and completed by December 15, 2007.

  5. The parties will not request permission to serve more than twenty-five (25) interrogatories.

  6. At this time, plaintiff does not intend to call expert witnesses at trial. In the event that plaintiff decides to call any expert witnesses, plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 15, 2007. Depositions of any such experts will be completed by October 15, 2007.

  7. Defendant(s) may call expert witnesses at trial. Defendant(s) will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ.

5

P. 26(a)(2) by November 15, 2007.  Depositions of any such experts will be completed by February 15, 2008.

        8.    A damage analysis will be provided by any party who has a claim or counterclaim for damages by July 15, 2007 or such earlier date as required by a discovery request.

    **F.**    **Dispositive Motions**

Dispositive motions will be filed no later than March 15, 2008.

    **G.**    **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by 30 days before the scheduled trial of the action or on such other date as ordered by the Court.

**VI.**    **TRIAL READINESS**

The case will be ready for trial by April 15, 2008.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| FOR THE PLAINTIFF: | FOR THE DEFENDANT: |
| MARY BETH GARCEAU | YALE UNIVERSITY |

BY:_____/s/_____  BY:____/s/_____
KAREN LEE TORRE              Patrick M. Noonan
Federal Bar No. ct01707      Federal Bar No. ct00189
51 Elm Street                Donahue, Durham & Noonan, P.C.
Suite 307                    741 Boston Post Road
New Haven, CT 06510          Guilford, CT 06437
(203) 865-5541               (203) 458-9168
Her Attorney                 Its Attorney